UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN MUZAHIR, | No. 1:26-cv-01136-DJC-CSK |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, | |
| Respondent. | |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 3)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for seventeen months pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  (Mot. at 2; Opp'n (ECF No. 9) at 1.) During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community.

Petitioner raises claims similar to ones this Court has already addressed. Petitioner is a noncitizen who entered the United States on September 6, 2024.  (Mot. at 2.)  Petitioner was then detained by the Department of Homeland Security ("DHS"). (*Id.*)  Petitioner asserts, and Respondents do not contest, that the dates of Petitioner's

1

"court proceedings have been changed on multiple occasions at the accord of DHS, though no fault of [Petitioner's] own. (*Id.* at 4–5.) Over a year after Petitioner's detention, an Immigration Judge ordered Petitioner removed, and Petitioner timely appealed that order. (Opp'n at 1–2.) To date, Petitioner has been detained pursuant to 8 U.S.C. § 1225(b) for seventeen months without a bond hearing. (Mot. at 2.)

This Court has previously joined other districts in concluding that the unreasonably prolonged detention of individuals such as Petitioner under section 1225(b) without a bond hearing violates the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Petitioner argues his seventeen-month detention without any individualized assessment violates the Due Process Clause. (Mot. at 2–3.) To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of

2

physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Petitioner was initially detained in September of 2024 and has remained in custody for the seventeen months since.  (Pet. ¶ 19.)  This length of time far exceeds that other courts have found warrant a bond hearing under the Due Process Clause.  *See, e.g.*, *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing).  Further, Petitioner faces indefinitely prolonged detention while administrative and possibly judicial review of his asylum claim plays out.  As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established his liberty interest.  *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must now determine what process is due.  Applying the test this Court identified in *Mohammed*, 2026 WL 192368, at *3, this Court finds Petitioner is entitled to relief.  Petitioner has a substantial private interest in access to a process that could result in his release as he has been detained for over seventeen months.  (Pet. ¶ 19.) This detention is likely to endure indefinitely while determinations about Petitioner's asylum claim are appealed.  *See Martinez*, 2019 WL 5968089, at *9.  Petitioner asserts, and the Government does not contest, that the dates of Petitioner's "court proceedings have been changed on multiple occasions at the accord of DHS, though no fault of [Petitioner's] own.  (Mot. at 2; *see Martinez*, 2019 WL 5968089, at *10 (explaining that "[i]f immigration officials have caused delay, it weighs in favor of finding continued detention unreasonable").)  This factor thus weighs strongly in Petitioner's favor.

The risk of erroneous deprivation is also considerable as Petitioner has not received a bond hearing.  (*See* Mot. at 2.)  Civil immigration detention is "nonpunitive in purpose and effect" and, therefore, only justified when a noncitizen is a flight risk or danger to the community.  *Zadvydas*, 533 U.S. at 690.  Therefore, "the probable value

3

of additional procedural safeguards, i.e., a bond hearing, is high, because Respondent has provided virtually no procedural safeguards at all." *Maksim v. Annex*, No. 1:25-cv-00955-SKO, 2025 WL 2879328, at \*5 (E.D. Cal. Oct. 9, 2025).

Finally, Respondent's interest in detention is low. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). The effort and cost required to provide Petitioner with procedural safeguards are minimal. Therefore, this final factor also weighs in Petitioner's favor.

Having established Petitioner has a liberty interest and determined that he is entitled to process, the Court finds Petitioner is entitled to relief.

## CONCLUSION

As neither party objects to this Court ruling on the merits of the underlying Petition (*see* ECF No. 7), the Court does so here. Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[1] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez*, 872 F.3d at 1000.

---

[1] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here. *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at \*13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at \*13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at \*11–12 (E.D. Cal. Aug. 14, 2025).

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 23, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Muzahir26cv01136.merits

5